Mr. Justice Richardson
delivered the opinion of the court.
The new trial is refused b-y the unanimous concurrence of the court. The fact of the chimney’s taking fire is sup - ported by the evidence. It is not pretended that the ordinance is unconstitutional; and we are of opinion that the city Judge gave it the true construction; It is true that a master is not liable for the unauthorized acts of his slaves; but here, the slave merely made a fire in the chimney, which being foul, took fire, and blazed out at the top, and the thing complained óf is, that the chimney was kept so foul as to take fire. Suppose a master were to set a spring; gun, and his slave or other person accidentally touching it were to set it off, upon whose head would the consequen oes fall? Upon the master’s clearly. So here the master suffers the chimney to become so" foul, that the funnel became combustible, his slave accidentally increases the fire in the. usual place, which ignites the soot, and the master’s negligence is exposed. Suppose a visitor had caused the same blaze by throwing lightwoo'd upon the fire, could that excuse the owner, when the true charge is for keeping a chimney so sooty that it blazed out by a reason of a fire made in the usual place? Sufely not. It is the identical v piece of negligence proved by the very consequence which the act punishes. The visitor,like the slave, would merely have unwittingly exposed the negligence of the owner. *345 jut not have caused it. The having his chimney so Sooty; as that when it took fire, it blazed out at the top, is the simple charge made out; and the argument is resolvable into this, that the foulness of the chimney being rendered manifest by the act of a slave, the charge is upon the slave, and not the master. But this conclusion is a plain mistake of the rule upon which the argument turned.
Gadsden, for the motion.
Tomer, City Attorney, contra.
The motion was refused.
Justices Johnson, Huger, Nott and Colcock, concurred-